UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| METROPOLITAN GROUP PROPERTY AND CASUALTY INSURANCE COMPANY,<br><br>                Plaintiff,<br><br>   v.<br><br>AUSTIN FITE,<br><br>                Defendant.<br><br>AUSTIN FITE,<br><br>                Consolidated Plaintiff,<br><br>   v.<br><br>METROPOLITAN GROUP PROPERTY AND CASUALTY INSURANCE COMPANY AND METROPOLITAN PROPERTY AND CASUALTY INSURANCE COMPANY, registered foreign insurers doing business in the State of Washington; and "JOHN AND JANE DOES" 1-10,<br><br>                Consolidated Defendants. | CASE NO. 3:20-cv-05697-JHC<br><br>ORDER |

This matter comes before the Court on Metropolitan Group Property and Casualty Insurance Company's ("MetLife") Motion for Summary Judgment (Dkt. # 37) and Austin Fite's

ORDER- 1

Motion to Strike (Dkt. # 51). The Court has considered the materials filed in support of, and in opposition to, the motions; the applicable law; and the case file. Being fully advised, the Court DENIES both motions.

This case arises out of an automobile-pedestrian accident on July 9, 2014, in Pierce County, Washington. Dkt. # 1 at ¶ 8; Dkt. # 1–2 at ¶ 3.2 in 3:20-cv-05819-BHS. Lee R. Mudd drove a pickup truck that struck then-18-year-old Austin Fite, who was a pedestrian within a crosswalk, causing serious injuries. *Id.* A MetLife automobile insurance policy covered Austin Fite's father, Brian Fite, and stepmother, Tina Fite. Dkts. ## 38–7; 39–1. The policy included underinsured motorist and personal injury protection coverage ("UIM" and "PIP" respectively). *Id.* [1] Austin[2] filed a negligence action against Mudd and the City of Puyallup in Pierce County Superior Court, and the jury returned a verdict in his favor in the amount of $6.5 million. *Fite v. City of Puyallup, et al.*, 19 Wash. App. 2d 917, 498 P.3d 538 (2021).[3]

The parties dispute whether MetLife owes UIM or PIP coverage to Austin under their insurance contract with Brian and Tina. On July 13, 2020, Austin initiated a lawsuit against MetLife in Pierce County Superior Court, bringing various causes of action including claims for violations of the Insurance Fair Conduct Act, violations of the Washington Consumer Protection Act, and bad faith. Dkt. # 1–2 in 3:20-cv-05819-BHS. On July 17, 2020, MetLife separately filed a complaint for declaratory relief before this Court. Dkt. #1. The cases have now been consolidated in this proceeding for trial. Dkt. # 15.

---

[1] Mudd was insured under a primary automobile liability policy with Hartford Insurance Company, which provided $50,000.00 per person primary coverage for automobile liability claims. Dkt. # 1 at ¶ 8; Dkt. # 1–2 at ¶ 3.5.

[2] For clarity, this order refers to members of the Fite family by their first names. The Court means no disrespect.

[3] The City appealed and the Court of Appeals of Washington reversed the liability determination but upheld the jury damage award. *Id.*

ORDER- 2

A. MetLife's Motion for Summary Judgment

MetLife moves for summary judgment, claiming that (1) it does not owe UIM or PIP coverage to Austin because he was not an insured when he was injured, and (2) Austin's extra-contractual claims should be dismissed because he was not entitled to coverage and MetLife's investigation and denial of his claim was reasonable. Dkt. # 37.

Summary judgment is proper only if the evidence, when viewed in the light most favorable to the non-moving party, shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Galen v. Cnty. of L.A.*, 477 F.3d 652, 658 (9th Cir. 2007). Summary judgment should be granted when the nonmoving party fails to offer evidence from which a reasonable jury could return a verdict in its favor. *Triton Energy Corp. v. Square D Co.*, 68 F.3d 1216, 1221 (9th Cir. 1995). The Court is "required to view the facts and draw reasonable inferences in the light most favorable to the [non-moving] party." *Scott v. Harris*, 550 U.S. 372, 378 (2007).

Here, several genuine disputes as to material facts preclude summary judgment. In support of its declaratory relief claim, MetLife says that Austin was not a "resident" of Brian and Tina's household at the time of the accident, and thus was not insured under their policy. Dkt. # 37 at 11–15.[4] The MetLife Policy does not define "resident"; however, Washington courts consider four factors to determine who is a "resident of the same household"[5]:

> (1) the intent of the departing person, (2) the formality or informality of the relationship between the person and the members of the household, (3) the relative propinquity of the dwelling units, and (4) the existence of another place of lodging.

---

[4] The relevant policy covers "relatives" of the named insureds, who are defined as "a person related to you by blood, marriage or adoption (including a ward or foster child) and who resides in your household." *See* Dkt. # 38–7.

[5] Both sides cite this four-factor test in their briefing.

ORDER- 3

*Pierce v. Aetna Cas. & Sur. Co.,* 29 Wash. App. 32, 38, 627 P.2d 152 (1981). There is a genuine dispute on the first factor: Austin Fite's intent. MetLife asserts that Austin never intended to return to Brian and Tina's after he departed their residence about nine months before the accident. *See* Dkt. # 37 at 15. They refer to his actions after departing, such as his enrollment in a new school, his failure to visit Brian and Tina at the home, and the fact that he moved in with his mother immediately following the accident. *Id.; see also* Dkts. ## 48, 38–1 to 38–6. Austin counters that it was always his intention to retain his residence at Brian and Tina's as his permanent "home base." Dkt. # 41. He explains that he maintained personal belongings and effects at Brian and Tina's, continued to receive mail at their home, was subject to a parenting plan that identified Brian as his primary custodial parent, and eventually did return to live there from August 2014 until the present. *Id.*; *see also* Dkts. ## 47 at 3–5, 39–4, 39–5. The weighing of this conflicting evidence is a highly factual inquiry. As to the second factor, MetLife does not dispute that Brian and Tina are Austin's father and stepmother, or that a parent-child relationship constitutes a formal relationship. *See Adams v. Great Am. Ins. Companies,* 87 Wash. App. 883, 889, 942 P.2d 1087 (1997) ("Susan Adams' family relationship to her father is obvious; her relationship to his household was formalized by the parenting plan as well as informally observed."). As to the third factor, the parties dispute the relative propinquity of Austin's other dwelling units. MetLife emphasizes that Austin transferred to Challenger High School, which was located approximately 20 miles away from the Fite home (*see* Dkt. # 37; *see also* Dkts; ## 38–3 to 38–5), whereas Austin argues that he never left eastern Pierce County and that the distance between Bonney Lake and Bradley Lake Park is negligible (*see* Dkt. # 47; *see also* Dkt.

ORDER- 4

# 45).⁶  And finally, there is a genuine dispute as to the fourth factor.  MetLife asserts that Austin established a new permanent residence after leaving Brian and Tina's home (*see* Dkt. # 48 at 8) while Austin contends that his stays at multiple other locations—including his grandparents' and uncle's homes as well as a city park—were temporary (Dkt. # 47 at 18–19; *see also* Dkts. ## 41 to 46).  To be sure, when the facts are viewed in the light most favorable to Austin, a reasonable jury could conclude that he was a resident of Brian and Tina's household at the time of the accident.  Therefore, summary judgment would be inappropriate as to MetLife's claim for declaratory relief.⁷

Summary judgment would also be inappropriate as to Austin's extracontractual claims because they concern the reasonableness of MetLife's actions in investigating and ultimately denying his claim for coverage.  Whether an insurer acted in bad faith is a question of fact typically reserved for the trier of fact.  *See Smith v. Safeco Ins. Co.,* 150 Wash. 2d 478, 485, 78 P.3d 1274 (2003); *see also Van Noy v. State Farm Mut. Auto. Ins. Co.,* 142 Wash. 2d 784, 796, 16 P.3d 574 (2001) ("The contractual issue, therefore, revolves around the reasonableness of State Farm's action in handling the claims that were presented to it.  As the Court of Appeals correctly observed, that issue should be resolved by a trier of fact.").  And evidence presented by Austin—such as the declaration of Gary Williams, MetLife's Claims Log, and various correspondence between the parties during the claims submission and investigation process—raises genuine issues of fact, including whether MetLife prioritized its own financial interests over his interests, whether MetLife fully, fairly, and properly investigated his claim, and whether

---

⁶ Austin also argues that, given the fact that he was living at multiple locations and was allegedly "homeless" at the time of the accident, it would make no sense to consider the "propinquity of dwelling units." Dkt. # 47.

⁷ The Court finds that this case is not analogous to *Metropolitan Prop. and Cas. In. Co. v. McCarthy,* 43 F. Supp. 3d 1157, 1162 (W.D. Wash. 2014), in which the district court granted summary judgment to Metropolitan.  There, the adult child in question had admitted in testimony that his intent was not to return to his parents' house upon moving out.

MetLife promptly provided a reasonable explanation for its coverage denial.  *See, e.g.*, Dkts. ## 39–3, 39–6 to 39–10, 39–13, 39–14, 39–16, 40 to 46.

B.  Austin's Motion to Strike

Austin moves to strike portions of Brian's, Tina's, and his grandmother Linda Fite's statements (Dkts. ## 38–4, 39–1), saying they are unsupported by personal knowledge, hearsay, speculative, and—in the case of Linda's statement—irrelevant.  Dkt. # 51.  He also moves to strike any "misleading evidence and/or argument that [his] counsel failed to cooperate after 2016."  *Id.*  The Court did not consider these portions of the record in coming to its conclusion, and therefore denies the motion as moot and without prejudice.  If Austin wishes to object to the admissibility of these statements at a later stage in the litigation process, he may do so.

Given the foregoing, the Court DENIES both MetLife's Motion for Summary Judgment and Austin's Motion to Strike.

Dated this 2nd day of September, 2022.

*John H. Chun*
John H. Chun
United States District Judge

ORDER- 6