1

2

3

4

5

6

7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

| | |
|---|---|
| METROPOLITAN GROUP PROPERTY AND CASUALTY INSURANCE COMPANY, now known as FARMERS GROUP PROPERTY AND CASUALTY INSURANCE COMPANY, | CASE NO. 3:20-cv-05697-JHC <br><br> ORDER |
| Plaintiff, | |
| v. | |
| AUSTIN FITE,<br>               Defendant. | |
| AUSTIN FITE,<br>               Consolidated Plaintiff, | |
| v. | |
| METROPOLITAN GROUP PROPERTY AND CASUALTY INSURANCE COMPANY, now known as FARMERS PROPERTY AND CASUALTY INSURANCE COMPANY and METROPOLITAN PROPERTY AND CASUALTY INSURANCE COMPANY, now known as FARMERS PROPERTY AND CASUALTY INSURANCE COMPANY, registered foreign insurers doing business in the State of Washington; and "JOHN AND JANE DOES" 1-10, | |
| Consolidated Defendants. | |

ORDER - 1

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

This matter comes before the Court on Metropolitan Property and Casualty Insurance Company's ("MetLife") Motion for Leave to File Supplemental Pleadings.  Dkt. # 87.  The Court has considered the submissions in support of and in opposition to the motion, the applicable law, and the case file.  Being fully advised, the Court GRANTS the motion.

First, the Court concludes—and the parties do not dispute—that modification of the case caption to reflect Metropolitan's new ownership is reasonable.  Dkts. ## 87 at 3, 89 at 2.  If this case proceeds to trial, the Court will craft an appropriate jury instruction to minimize confusion as to why the policies at issue are labeled "MetLife Auto and Home."

MetLife also argues that it should be permitted to file supplemental pleadings that reflect the fact that the judgment in the underlying state court liability action has been vacated.  Dkt. # 87 at 7–11, citing Fed. R. Civ. P. 15.  Austin Fite opposes the motion, arguing that MetLife's efforts are dilatory and that any amendment would be untimely and futile.  Dkt. # 89 at 5–12.

Leave to amend or supplement pleadings under Fed. R. Civ. P. 15 should generally be liberally given, but this liberality is subject to several restrictions.  *DCD Programs, Ltd. v. Leighton,* 833 F.2d 183, 186 (9th Cir. 1987).  Leave need not be granted where the amendment would cause the opposing party prejudice, is sought in bad faith, constitutes an exercise in futility, or creates undue delay.  *Ascon Properties, Inc. v. Mobil Oil Co.,* 866 F.2d 1149, 1160 (9th Cir. 1989) (citing *Leighton,* 833 F.2d at 186; *Foman v. Davis,* 371 U.S. 178, 182, (1962)).

The Court concludes that MetLife did not unduly delay in seeking leave to amend its pleadings.  Although the Court of Appeals vacated the judgment on liability and allocation of fault on November 9, 0221, and then modified its opinion on reconsideration on April 12, 2022, Fite then petitioned the Washington Supreme Court for review.  The Washington Supreme Court denied Fite's petition for review on September 7, 2022 and MetLife filed its motion less than two

ORDER - 2

months later.  *Fite v. City of Puyallup,* 200 Wash. 1004, 516 P.3d 377 (2022).  It was not

unreasonable for MetLife to wait until the vacatur became final before moving for leave to file

supplemental pleadings, and the Court sees no other indicia of dilatory motives or bad faith.

The Court also concludes that Fite would not be unduly prejudiced if it grants MetLife's

motion.  Fite argues that, if MetLife is permitted to assert its proposed affirmative defense,

"discovery would have to be reopened so that Mr. Fite can acquire new information from

[MetLife]" about its claim handling process.  Dkt. # 89 at 8.  But this logic is flawed.  MetLife is

not arguing that it first denied Fite's claims because of any potential liability defense, so the

proposed amendments are irrelevant to Fite's extracontractual claims.  The amendments would

be relevant only to MetLife's complaint for declaratory relief and Fite's breach of contract claim,

and for those claims no additional discovery or witnesses would be required since they depend

solely on the language of the policy.  Fite also argues that "additional witnesses will have to be

added to address what otherwise should be undisputed facts—that Mr. Fite was/is entitled to

recover damages from Mr. Mudd who has paid his limited liability policy limits and who at trial

conceded liability and the absence of comparative fault."  *Id.*  Contrary to his assertion, the

question of whether Fite is entitled to recover damages from Mudd is highly disputed, and

MetLife conceded this fact in their initial answer and complaint presumably because at that point

the judgment had not yet been vacated.  Dkt. # 87 at 5.  And the Court does not see how

additional witness testimony would aid in resolving the mainly legal question of whether an

insured can establish that he is "legally entitled" to recover damages from a tortfeasor when the

underlying state court action remains unresolved.  Although the Court acknowledges that

discovery is closed and the trial is three months away, MetLife simply seeks to correct the record

with updated information about the underlying state court case and these corrections should not

ORDER - 3

require additional discovery.  If Fite believes that these supplemental pleadings will require a

reopening of discovery, he may file a motion with this Court.

Lastly, granting MetLife leave to file supplemental pleadings would not constitute an

exercise in futility.  Fite argues that the proposed amendments—which reference the vacated

judgment in the state court action—would be futile because there is no requirement under

Washington Law that an insured claiming UIM benefits acquire a judgment against the

underinsured third-party tortfeasor.  Dkt. # 89 at 8–12.  Fite may take the position that the state

court proceeding does not affect this Court's ability to find that he is covered under the policy

and entitled to recover from MetLife.  But the existence of a dispute over the effect of that

proceeding does not imply futility.

Accordingly, the Court GRANTS MetLife's Motion for Leave to File Supplemental

Pleadings.  Dkt. # 87.  The Court directs the Clerk to update the case caption to reflect MetLife's

new ownership.

Dated this 23rd day of November, 2022.


John H. Chun
United States District Judge

ORDER - 4