UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| METROPOLITAN GROUP PROPERTY AND CASUALTY INSURANCE COMPANY, now known as FARMERS GROUP PROPERTY AND CASUALTY INSURANCE COMPANY,<br><br>     Plaintiff,<br><br> v.<br><br>AUSTIN FITE,<br>     Defendant.<br><br>AUSTIN FITE,<br>     Consolidated Plaintiff,<br><br> v.<br><br>METROPOLITAN GROUP PROPERTY AND CASUALTY INSURANCE COMPANY, now known as FARMERS PROPERTY AND CASUALTY INSURANCE COMPANY and METROPOLITAN PROPERTY AND CASUALTY INSURANCE COMPANY, now known as FARMERS PROPERTY AND CASUALTY INSURANCE COMPANY, registered foreign insurers doing business in the State of Washington; and "JOHN AND JANE DOES" 1-10,<br><br>     Consolidated Defendants. | CASE NO. 3:20-cv-05697-JHC<br><br>ORDER |

ORDER - 1

This matter comes before the Court *sua sponte*. On November 23, 2022, the Court issued an Order to Show Cause, requesting that the parties submit supplemental briefing regarding whether the entirety of this action should be stayed pending the resolution of the underlying state court personal injury action. *See Fite v. Mudd,* 19 Wash.App. 2d 917, 940, 498 P.3d 538 (2021). Both parties submitted timely responses on December 2, 2022. Having considered both responses, the applicable law, and the case file, the Court hereby STAYS this action for the reasons argued by MetLife.

In determining whether to stay a case, "the competing interests which will be affected by the granting or refusal to grant a stay must be weighed." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005) (citing *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962)). Those interests include: (1) "the possible damage which may result from the granting of a stay," (2) "the hardship or inequity which a party may suffer in being required to go forward," and (3) "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Id.* Here, the Court finds that these factors weigh in favor of staying this case until the related state court personal injury action is resolved.

Further, the Court finds Fite's arguments regarding the "mend the hold" doctrine to be unavailing; while he is free to argue that this doctrine applies to his extracontractual claims, MetLife's complaint for declaratory relief and Fite's breach of contract claims depend on the language of the policy as opposed to MetLife's claims handling process. Thus, at the very least, the *Fite v. Mudd* retrial is expected to simplify the issues with respect to these causes of action.

ORDER - 2

The Court GRANTS Fite's motion at Dkt. # 101 and, in reaching this ruling, has considered the supplemental materials including excerpts of the Jack Rankin deposition, Dkt. # 101–2.

Within thirty (30) days of the resolution of the state court personal injury action, the parties shall alert the Court of such resolution.

The Clerk is directed to terminate all pending motions in this case.

Dated this 21st day of December, 2022.

*John H. Chun*

John H. Chun
United States District Judge

ORDER - 3